U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

JUN 24 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ORAY BREAUX, JR. | CIVIL ACTION 14-2265 |
| VERSUS | JUDGE HAIK |
| ROSEMONT REALTY, ET AL | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court is a Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Under a 12(b)(6) inquiry, the Court is limited to the face of the pleadings and must accept the facts pled as true, focusing on the sufficiency of the pleadings. The defendants seek to dismiss the following claims arguing the plaintiff has failed to state a cause of action:

**A. A violation of the Louisiana Whistleblower's Act, LA R.S. 30:967, as the claim is superceded by his claim under the Louisiana Environmental Whistleblower Act.**

Defendants' cite *Collins v. State ex rel. Dep't of Natural Res.* 118 So.3d. 43 (LA App 1. Cir., 5/30/13) wherein the appellate court found a plaintiff had no cause of action as the Environmental Whistleblower Statute superceded the Whistleblower Statute for claims alleging retaliation for claims disclosing alleged violations of environmental laws. The Court noted, "As stated under well-established principles of statutory construction, where there is a general statute and a specific statute addressing the same subject matter, such as LA R.S. 30:2027 and LA R.S. 23:967, the more specific statute should govern." Here, the claims under both statutes arise out of the same set of facts and circumstances.

The plaintiff argues he has sufficiently stated separate claims, but, in the event the court disagrees, seeks a period of time to amend his Complaint to cure the defects.

The Court will reserve ruling on this issue and **allow the plaintiff ten (10) days to amend his Complaint to cure the deficiencies.** The defendants may file any motions they deem necessary following the amendment and the court will take them up on an expedited basis.

**B. Violations of the Clean Air Act, 42 U.S.C. 7401, *et seq.***

The plaintiff does not contest dismissal of these claims. A plain reading of the filings supports the defendants' contentions. Plaintiff's claims for violations of the Clean Air Act, 42 U.S.C. 7401, are **DISMISSED WITH PREJUDICE.**

**C. A Breach of the General Duty Clause of the Occupational Safety Health Administration**

The plaintiff does not contest dismissal of these claims. Further, the defendants are correct in their assertion that the general duty clause of OSHA does not create a private right of action for plaintiffs. Plaintiff's claims for a breach of the General Duty Clause of the Occupational Safety Health Administration is **DISMISSED WITH PREJUDICE.**

**D. Violations of the Louisiana Department of Environmental Quality Regulations**

The plaintiff does not contest dismissal of these claims and does not allege he gave the required notice. Consequently, plaintiff's claims under the Louisiana Department of Environmental Quality regulations are **DISMISSED WITH PREJUDICE.**

**E. Breach of Duty to Provide a Safe Workplace, LA R.S. 23:13**

The defendants argue the plaintiff's claims under this statute are excluded by the Louisiana Workers' Compensation Act. Defendants contend the LWCA is the exclusive remedy for an employee's negligence based claims in employment.

The plaintiff argues these damages are not exclusive to the LWCA as set forth by the Louisiana 4th Circuit Court of Appeals in *Ruffin v. Poland Enterprises, LLC,* 946 So.2d. 695 wherein the Court held public employees' injuries from prolonged exposure to mold and contaminants in the workplace did not fall under the LWCA. Plaintiff additionally cites *Watters v. Department of Social Services,* 15 So.3d. 1128 (LA App. 4th Cir., 2009) wherein the Court found claims by state employees of various agencies who were exposed to mold in a building sounded in tort.

Both the *Ruffin* case and the *Watters* case are clearly distinguishable on the facts. In both cases, the courts looked to the occupational disease component of the Workers' Compensation Act and analyzed the individual's positions and claims in that context. Although clearly distinguishable, the Court finds dismissal of the claim is not warranted at this time, but may be better visited through a motion for summary judgment once the parties have had the opportunity to conduct discovery. For these reasons, the motion is **DENIED** with respect to these claims.

### F. Damages caused by Ruin to a Building, LA C.C. 2322

For the reasons outlined above, the motion is **DENIED** with respect to these claims also.

### G. South Point, Jack Stahl, and Ms. Willoughby request dismissal of the plaintiff's age discrimination and environmental whistleblower claims made against them.

The plaintiff does not dispute that his claims for age discrimination and under the environmental whistleblower act against Ms. Willoughby should be dismissed. As such, those claims against **MS. WILLOUGHBY ONLY are DISMISSED WITH PREJUDICE**. As the Court does not have enough information to make a true determination of the employment relationship between the plaintiff and the other parties and he has, on the face of his Petition, made a sufficient claim, the motion is **DENIED** with respect to South Point and Jack Stahl.

THUS DONE and SIGNED on this \_\_\_\_24th\_\_\_\_ day of June, 2015.

_____
RICHARD T. HAIK, SR., DISTRICT JUDGE